UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID G. MIESENBOCK, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:06CV1519 (AWT) |
| CHASE BANK USA N.A., | : | |
| Defendant. | : | |

**ORDER**

The plaintiff, David Miesenbock, brings this lawsuit under the federal Truth in Lending Act ("TILA") and contract law. Pending before the court is the defendant's Motion to Compel (doc. #47). The defendant's motion is granted in part and denied in part, as follows.

**A. Interrogatories**

Attached as Exhibit A to the defendant's motion is a set of Supplemental Responses to Interrogatories. The defendant represents that these responses were served by the plaintiff in May 2008. The defendant's motion asks the court to overrule certain of the plaintiff's objections and to compel him to provide complete responses to a number of interrogatories.

The defendant's motion is granted as to Interrogatories # 1, 2, 3, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, and 25.

As to Interrogatory #20, the motion is granted, except that if the plaintiff has only used one social security number in the

past ten years, he need not provide that number to the defendant.

Interrogatory #26 is granted in part and denied in part. The request is denied insofar as it asks plaintiff to give the defendant his password. The plaintiff is ordered to state whether he has a password, access code and/or log-in combination that provides access to any debt relief services company's website. He need not provide the defendant with the password.

Within ten days of the date of this order, the plaintiff shall supplement his responses under oath, providing full and complete responses to the specific questions asked.

**B.  Requests for Production**

Attached as Exhibit B to the defendant's motion is the plaintiff's supplemental response to request for production. The defendant represents that "Plaintiff did not provide one document in response" to the production requests. (Def's Mem., doc. #47-2 at 5.)

The defendant's motion to compel is granted as to Requests #1, 2, 4, 5, 6, 8, 9, 10, 12, 14, 17, 19, 20, 21, 22, 23[1], 26,

---

[1] As to request #23, the requested information is relevant, but the plaintiff has raised a work product objection. The defendant argues, incorrectly, that work product protection applies only to the work of an attorney. The work product doctrine may shield documents prepared in anticipation of litigation by a party or his representatives. Fed. R. Civ. P. 26(b)(3)(A). However, the plaintiff has failed to produce a privilege log as required by Local Rule 26(e) and Fed. R. Civ. P. 26(b)(5), and neither the plaintiff's papers nor his argument in court suggest any genuine basis for a work product claim.

2

27, 28, 29, 30 and 31.

Defendant's motion is denied as to Request #11 because it is overbroad. Plaintiff need not respond to this request.

Within ten days, plaintiff shall send defense counsel complete and legible copies of all the requested documents. The plaintiff is reminded that he must produce all responsive documents that are in his possession, custody or control. This includes documents that he does not have in his own files but has access to. For example, if plaintiff is able to log into a website or database to access responsive documents, he must print out those documents in their entirety and send them to defense counsel.

### C. Requests for Admission

Attached as Exhibit C to the defendant's motion are the plaintiff's supplemental responses to defendant's request for admissions. The plaintiff has failed to provide any response as to some of these requests. As to other requests, he has objected on relevance grounds but nonetheless responded; however, the defendant believes his responses to be false or incomplete.

As to Requests #10, 13, 14, 17, 18, 31, 32, 33, 35 and 40 the plaintiff's objections are overruled and the defendant's motion to compel is granted. The plaintiff shall serve a supplemental response. Pursuant to Fed. R. Civ. P. 36, which governs requests for admission, plaintiff must either admit, deny

3

or set forth in detail the reasons why he cannot truthfully admit or deny the matter. Fed. R. Civ. P. 36.

The defendant's motion to compel is denied as to Requests #36, 37, 38 and 41, because they are duplicative of requests #31-33.

As to Requests # 6, 7, 11 and 12, the plaintiff's objections are overruled. Although the plaintiff has denied the requests notwithstanding the objections, the defendant believes that the denials are untrue or incomplete and asks the court to give the plaintiff an opportunity to amend his response. (Transcript of Aug. 12, 2008 Hearing, doc. #53, at 46-49.) That request is granted. Plaintiff may amend his responses to these requests within ten days from this order.

Plaintiff is warned, as he was at oral argument, that his responses to the requests for admission are made under oath and will be binding upon him. If plaintiff's answers are not true, the defendant will have the opportunity to impeach him at trial by cross-examination, and plaintiff may also be subject to monetary or other sanctions. In particular, "Rule 37(c) provides that a party who refuses to admit a certain matter in response to a Rule 36 request can, under certain circumstances, be held liable for expenses incurred by the opposing party in proving that particular matter at trial." Foretich v. Chung, 151 F.R.D. 3, 4-5 (D.D.C. 1993).

Pursuant to Local Rule 37, plaintiff's supplemental responses to the Requests for Admission shall be served within ten days.

**D. Deposition**

The plaintiff is ordered to submit to a duly noticed deposition within the next forty days, and is reminded that the defendant is entitled to full and fair responses as to all questions relevant to this case. See generally Fed. R. Civ. P. 30. The court specifically notes that it has overruled plaintiff's relevance objections as to the involvement of a debt relief service company in relation to plaintiff's billing dispute and the filing and prosecution of this suit.

**E. Sanctions**

In light of the plaintiff's *pro se* status, the overbreadth of some of the requests as set forth above, and the defendant's own disregard for the local rules[2], the defendant's motion for sanctions in connection with the filing of this motion is denied.

The plaintiff is warned that his failure to comply with this order or any other order of the court may lead to the imposition

---

[2] The parties are reminded that Local Rule 37 requires the memorandum of law to a discovery motion to set forth "a concise statement of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(b)(1). This requirement was also set forth in the court's order of May 30, 2008, doc. #46.

of sanctions, including monetary sanctions or dismissal of the action.

**F.** **Discovery Deadline**

The defendant's motion to extend the discovery deadline is granted. Discovery shall be completed on or before January 15, 2009. Any dispositive motion shall be filed on or before February 15, 2009.

SO ORDERED at Hartford, Connecticut this 14th day of November, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge